IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AMERICAN BOOKSELLERS FOUNDATION FOR FREE EXPRESSION, et al., : : : | |
| Plaintiffs, : | Case No. 3:02cv210 |
| vs. : | JUDGE WALTER HERBERT RICE |
| JOHN KASICH, et al., : | |
| Defendants. : | |

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT (DOC. #126); ENTRY SUSTAINING DEFENDANTS' MOTION TO SUPPLEMENT (DOC. #132); ENTRY SUSTAINING PLAINTIFFS' CROSS MOTION TO SUPPLEMENT (DOC. #134)

In its Decision of May 26, 2010, this Court wrote:

    Pursuant to the April 15, 2010, Order of Remand of the United States Court of Appeals for the Sixth Circuit, the permanent injunction previously issued by this Court is vacated and final judgment entered in favor of Defendants and against Plaintiffs herein.

    As the result of this Court's ruling above, the initial Motion of Plaintiffs, seeking attorneys fees and costs (Doc. #66) (sustained by this Court, without quantification, at Doc. #103) and second Motion for Attorneys Fees and Costs (Doc. #107) are, each in their entirety, overruled as moot. To the extent necessary, this Court's decision sustaining the initial Motion for Attorneys Fees (Doc. #103), while deferring quantification of same, is vacated.

Doc. #124 at 1-2. Judgment was entered thereon that day. See Doc. #125.

This litigation is now before the Court on Plaintiffs' Motion to Alter or Amend Judgment (Doc. #126). With that motion, the Plaintiffs request that the Court amend the foregoing language and award them attorneys' fees and costs.[1] The parties have analyzed the Plaintiffs' motion and concomitant request for an award of attorney's fees and costs in two parts, corresponding with the two stages of this litigation. This Court will follow that convention, initially discussing the Plaintiffs' motion as it relates to first phase of this lawsuit, i.e., the period through this Court's granting of a preliminary injunction in favor of the Plaintiffs and the Sixth Circuit's initial remand after the Ohio General Assembly had amended the statute, by adopting House Bill 490, following which it will turn to the second phase of this litigation, i.e., the period after the initial remand by the Sixth Circuit. The Court will then rule on the Plaintiffs' request for an award of costs. However, before engaging in that analysis, the Court will briefly review the standards applicable to an award of attorney's fees, following which it will detail the procedural history of this lawsuit.

---

[1] Two other motions are pending, to wit: Defendants' Motion to Supplement (Doc. #132) and Plaintiffs' Cross Motion to Supplement (Doc. #134). With their motion, the Defendants have requested that, when ruling on Plaintiffs' request to alter or amend judgment, the Court consider the decision of the Sixth Circuit in McQueary v. Conway, 614 F.3d 591 (6th Cir. 2010), cert. denied, 131 S.Ct. 927 (2011), and have argued why that decision will cause this Court to deny the Plaintiffs' request in that regard. See Doc. #132. With their cross motion, the Plaintiffs argue that McQueary supports their request for attorney's fees and their Motion to Alter or Amend Judgment (Doc. #126). See Doc. #134. This Court sustains Defendants' Motion to Supplement (Doc. #132) and Plaintiffs' Cross Motion to Supplement (Doc. #134), and has considered the arguments set forth therein when ruling on Plaintiffs' Motion to Alter or Amend Judgment (Doc. #126).

- 2 -

## I. Applicable Standards

In an action brought under 42 U.S.C. § 1983, such as the present litigation, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). In Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598 (2001), the Supreme Court rejected the catalyst theory for determining whether a plaintiff was the prevailing party under a fee-shifting statute, and held that, to be the prevailing party, a plaintiff must "secure a judgment on the merits or a court-ordered consent decree." Id. at 600. See also, Id. at 604 (noting that prior decisions by the Court, "taken together, establish that enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees") (internal quotation marks and citation omitted). In McQueary v. Conway, 614 F.3d 591 (6th Cir. 2010), cert. denied, 131 S.Ct. 927 (2011), the Sixth Circuit discussed prevailing party status and Buckhannon, writing:

> "[P]revailing party" is a "legal term of art," Buckhannon [Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 603 (2001)], one that two recent decisions of the Supreme Court help to define. In Buckhannon, the plaintiff sought an injunction barring enforcement of a West Virginia statute and obtained a court-ordered preliminary injunction, though one to which West Virginia consented. See id. at 601. Two months after the district court rejected the State's sovereign immunity defense and one month after it denied the State's motion for summary judgment, the State repealed the statute, after which the district court dismissed the case as moot and denied the plaintiff's request for attorney's fees. See id. The Supreme Court affirmed the denial of fees, rejecting the "catalyst theory" for awarding fees, under which a plaintiff "prevailed" if he "achieve[d] the desired result because the lawsuit brought about a voluntary change in the defendant's conduct," such as a legislative repeal of a challenged statutory provision. Id. at 601-02. That theory, the

- 3 -

> Court reasoned, overlooks the legal reality that "prevailing party" covers only parties "in whose favor a judgment is rendered." Id. at 603 (internal quotation marks omitted). A defendant's voluntary change, even one precipitated by litigation, does not amount to "a court-ordered change in the legal relationship" between the plaintiff and defendant, as required to establish prevailing-party status. Id. at 604.

Id. at 597. See also Radvansky v. City of Olmsted Falls, 496 F.3d 609 (6th Cir. 2007) (holding that plaintiff who did not ultimately prevail on civil rights claim was not the prevailing party, even though he obtained reversal of the summary judgment granted in favor of the defendants).

## II. Procedural History of this Litigation

Within six weeks of initiating this litigation, Plaintiffs filed a motion requesting preliminary injunctive relief, requesting that the Court enjoin the enforcement of certain provisions of the Ohio Revised Code which prohibited the dissemination over the internet of material judged to be "harmful to juveniles," as that term was defined by § 2907.01(E) of the Ohio Revised Code. See Doc. #27. This Court entered a preliminary injunction in favor of the Plaintiffs, prohibiting the Defendants from prosecuting individuals for violating §§ 2907.31 and 2907.311 of the Ohio Revised Code, based on materials alleged to be harmful to juveniles.² Bookfriends, Inc. v. Taft, 223 F. Supp.2d 932 (S.D.Ohio 2002). The Defendants appealed this Court's grant of the preliminary injunction. See Doc. #53. Thereafter, the Ohio legislature amended §§ 2907.01(E) and 2907.31, by adopting House Bill 490. Thereafter, at the parties' request, the Sixth Circuit remanded this

---

²The allegedly offensive provisions had been added to the Ohio Revised Code by House Bill 8.

- 4 -

matter to this Court in order to permit it to assess the constitutionality of the newly amended statutes. See Doc. #63. The Sixth Circuit directed that the preliminary injunction previously ordered by this Court remain in effect until further order of this Court. Id. The Sixth Circuit's initial remand ended the initial phase of this litigation.

The second phase of this litigation began with the initial remand by the Sixth Circuit. After receiving additional briefing from the parties, this Court entered a permanent injunction in American Booksellers Foundation for Free Expression v. Strickland, 512 F. Supp.2d 1082 (S.D.Ohio 2007), reversed, 601 F.3d 622 (6th Cir. 2010), which the Defendants appealed. While this matter was pending on appeal the second time, the Sixth Circuit certified two questions of state law to the Ohio Supreme Court:

> (1) Is the Attorney General correct in construing O.R.C. § 2907.31(D) to limit the scope of § 2907.31(A), as applied to electronic communications, to personally directed devices such as instant messaging, person-to-person e-mails, and private chat rooms?
>
> (2) Is the Attorney General correct in construing O.R.C. § 2907.31(D) to exempt from liability material posted on generally accessible websites and in public chat rooms?

American Booksellers Foundation for Free Expression v. Strickland, 560 F.3d 443, 447 (6th Cir. 2009). After receiving the decision of the Ohio Supreme Court, answering the certified questions (American Booksellers Foundation for Free Expression v. Cordray, 124 Ohio St.3d 329, 922 N.E.2d 192 (2010)), the Sixth Circuit reversed this Court's grant of a permanent injunction. American Booksellers Foundation for Free Expression v. Strickland, 601 F.3d 622 (6th Cir. 2010). In so doing, the Sixth Circuit remanded this matter, with instructions that the Court

vacate the permanent injunction it had previously entered and enter final judgment in favor of the Defendants. Id. at 628. This Court complied with that directive with the judgment which the Plaintiffs now seek to alter or to amend.

III. Initial Phase of the Litigation

As an initial matter, this Court agrees with Defendants that the Plaintiffs' request for an award of attorney's fees must be denied, because it was untimely. The procedure for seeking an award of attorney's fees is set forth in Rule 54(d)(2) of the Federal Rules of Civil Procedure, which provides in relevant part:

> (d) Costs; Attorney's Fees.
>
> *           *           *
>
> (2) Attorney's Fees.
> (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
> (B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:
>> (i) be filed no later than 14 days after the entry of judgment;
>> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>> (iii) state the amount sought or provide a fair estimate of it; and
>> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

The Sixth Circuit has held that the temporal requirements of Rule 54(d)(2)(B) are mandatory and that failure to comply with same serves as the basis for denying an award of attorney's fees. Allen v. Murph, 194 F.3d 722 (6th Cir. 1999). Herein, this Court entered the "judgment" which is alleged to entitle the Plaintiffs to an award of attorney's fees, i.e., the grant of preliminary injunctive relief to the

Plaintiffs in the initial phase of this litigation, on August 30, 2002.[3] See Doc. #51. On June 27, 2003, after the Sixth Circuit had initially remanded this matter, the Plaintiffs filed a motion seeking an extension of time in which to file their motion for an award of attorney's fees. See Doc. #64. On July 14, 2003, the Plaintiffs' filed a motion seeking such relief. See Doc. #66. Regardless of which date is used, June 27th, when the Plaintiffs sought an extension of time, or July 14th, when the motion was filed, the Plaintiffs filed their motion well in excess of 14 days after this Court entered the preliminary injunction.[4]

However, even if the Plaintiffs' request for an award of attorney's fees had been timely, this Court would have rejected same. In determining whether Plaintiffs were the prevailing party and are, therefore, entitled to an award of attorney's fees for the initial phase of this litigation, the Court will review the applicable authority addressing the issue of whether a plaintiff is the prevailing party as a result of being granted a preliminary injunction, before turning to the question of whether the Plaintiffs prevailed as a result of this Court's entry of such in their favor.

In McQueary, the plaintiff brought suit, alleging that statutes adopted by the Kentucky legislature violated the First Amendment, because the statutes made

---

[3] A "judgment" is defined by Rule 54(a) to include "a decree and any order from which an appeal lies." An appeal lies from an order granting a preliminary injunction. See 28 U.S.C. § 1292(a)(1).

[4] Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that a court may extend the time in which an act may be done after the expiration of that time upon a showing that the party failed to act in a timely fashion within the authorized period as a result of excusable neglect. Herein, the Plaintiffs have failed to show such neglect for their failure either to file the motion within 14 days of this Court's grant of the preliminary injunction or to seek an extension of time within that period.

certain protests at military funerals illegal. The plaintiff sought and obtained a preliminary injunction, preventing the statutes from being applied. While the matter was on appeal, the Kentucky legislature repealed the allegedly offensive statutes. Thereafter, the plaintiff requested an award of attorney's fees, which the District Court denied. On appeal, the Sixth Circuit discussed the issue of whether a plaintiff could be the prevailing party under the circumstances of that litigation:

> In Sole v. Wyner, 551 U.S. 74, 86 (2007), the Court established that the "court-ordered change in the legal relationship" between a plaintiff and defendant must be "enduring" and irrevocable. Id. That did not happen in Sole because the trial court dissolved the preliminary injunction it entered in favor of the claimant. A preliminary injunction, the Court held, does not establish prevailing-party status if it is "reversed, dissolved, or otherwise undone by the final decision in the same case," because § 1988 requires lasting relief, not the temporary, "fleeting success" such an injunction represents. Id. at 83; see also id. at 82 n. 3. Sole, however, reserved the question presented here: "whether, in the absence of a final decision on the merits …, success in gaining a preliminary injunction may sometimes warrant an award of counsel fees." Id. at 86. See also Hewitt v. Helms, 482 U.S. 755, 760 (1987) (rejecting fee request for "interlocutory" victory and explaining that "[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail").

614 F.3d at 597. The McQueary court concludes:

> All of this leaves us with a contextual and case-specific inquiry, one that does not permit us to say that preliminary-injunction winners always are, or never are, "prevailing parties." In the aftermath of Buckhannon and Sole, however, we can say that the "preliminary" nature of the relief—together with the requirement that a prevailing party victory must create a lasting change in the legal relationship between the parties and not merely "catalyze" the defendant to voluntary action—will generally counsel against fees in the context of preliminary injunctions.

Id. at 602. See also Id. at 604 ("Buckhannon, Sole and Dubuc [v. Green Oak Township, 312 F.3d 736 (6th Cir. 2002)] make clear, we think, that, when a claimant wins a preliminary injunction and nothing more, that usually will not

suffice to obtain fees under § 1988. What remains unclear is when the occasional exceptions to that rule should apply, a contextual and case-specific inquiry that we ask the district court to undertake in the first instance.").

Plaintiffs contend that they prevailed during the first phase of this litigation, as a result of having been granted the requested preliminary injunction, which remained effective until superseded by the grant of the permanent injunction. In accordance with McQueary, this Court begins from the premise that the entry of a preliminary injunction, in and of itself, does not serve as the basis for concluding that the Plaintiffs prevailed during the first stage of this litigation and that the Plaintiffs are entitled to an award of attorney's fees only if the preliminary injunction so granted was one of the occasional exceptions to this general rule.

This Court granted the Plaintiffs the requested preliminary injunctive relief, because, inter alia, it concluded that they had established a substantial likelihood of success on the merits of their claim that various provisions of Chapter 2907 of the Ohio Revised Code violated the First Amendment. See 223 F. Supp.2d at 945-51. Therefore, the preliminary injunction issued herein is not of the type, which the McQueary court suggested cannot entitle the plaintiff to prevailing party status and, thus, an award of attorney's fees. In so concluding, this Court (as did McQueary) distinguishes the nature of the preliminary injunctive relief awarded herein from a typical status quo injunction which turns more on the balance of the equities and whether the plaintiff will suffer great and irreparable harm in the absence of an injunction. 614 F.3d at 600-01. Such injunctions "have nothing to do with the merits, offering no insight into whether one party or the other will prevail at the end of the case." Id. at 600.

Nevertheless, this Court concludes that the Plaintiffs did not prevail in the initial phase of this litigation and, therefore, are not entitled to an award of attorney's fees, since it is unable to find that the grant of preliminary injunctive relief in this case is one of those occasional, exceptional circumstances, justifying an award of attorney's fees under McQueary. In response to McQueary,[5] the Plaintiffs argue:

> [Plaintiffs] ask no more than that this Court evaluate, from its "ring-side view" from the outset of this litigation whether, as the [Defendants] suggest, the issuance of the preliminary injunction, which led to the General Assembly's amendment of the Act, was a hollow exercise which did not "change[] the relationship between" the State Defendants and the [P]laintiffs. If this Court concludes that the preliminary injunction, which led to the General Assembly's amendment of the law, changed the relationship between the parties, then this Court should grant the Rule 59(e) motion, and thus grant fees for the first phase of this action. If this Court concludes that the preliminary injunction did nothing, then this Court should deny the Rule 59(e) motion.

Doc. #134-1 at 4. As can be seen, the Plaintiffs have put forward two premises. First, Plaintiffs posit that, if the issuance of the preliminary injunction led the Ohio General Assembly to amend the pertinent statutes in 2003, then they prevailed as a result of being granted the requested preliminary injunctive relief and are entitled to an award of attorney's fees and that, therefore, the Court must grant their Motion to Alter or Amend Judgment (Doc. #126). Second, Plaintiffs contend that the Court should hold that they did not prevail and, as a consequence, are not entitled to an award of attorney's fees, thus denying their motion, if it concludes that the preliminary injunction "did nothing."

---

[5]It bears emphasis that this litigation does not fall within the class of cases, identified by the Sixth Circuit in McQueary, in which the plaintiff is not eligible for an award of attorney's fees, because the preliminary injunction has been granted to maintain the status quo, rather than on an assessment of the merits.

Taking those two premises together, this Court is of the opinion that they merely restate the catalyst theory rejected by the Supreme Court in Buckhannon, given that the Plaintiffs are arguing that they are entitled to fees if the entry of preliminary injunctive relief in their favor caused the Ohio General Assembly to amend the pertinent statutes. In Buckhannon, the plaintiff, which operated assisted living residences, brought suit against West Virginia state agencies and officials, after it had been ordered to close, because some of its residents failed a self-preservation test mandated by state law. The plaintiff brought that litigation, seeking declaratory and injunctive relief and alleging that the state requirement that patients pass the self-preservation test violated two federal statutes. Although the plaintiff in Buckhannon had not been granted a preliminary injunction, the defendants agreed to stay the order, directing plaintiff to close its facility. After the District Court had denied the defendants' motions to dismiss on the basis of the Eleventh Amendment and for summary judgment, the West Virginia legislature amended the pertinent state statutes, eliminating the self-preservation requirement. Thereafter, the District Court dismissed the action as moot, and the plaintiff sought an award of attorney's fees "under the 'catalyst theory,' which posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." 532 U.S. at 601. Based upon circuit precedent, the District Court and the Fourth Circuit denied the plaintiff's request for an award of attorney's fees. Upon further appeal, the Supreme Court affirmed. Therein, the Buckhannon Court noted that it has long held that a request for an award of attorney's fees "should not result in a second major litigation." Id. at 609 (internal quotation marks and citation omitted). Since

a hearing involving the catalyst theory would, at a minimum, require an examination of the defendant's subjective intent (i.e., why was a state statute amended to remove or to modify an allegedly offending provision), resolving the question of whether a plaintiff had prevailed under the catalyst theory would involve a second major litigation. Similarly, herein, this Court would be required to engage in extensive, fact-sensitive litigation is order to ascertain whether the grant of preliminary injunctive relief caused the Ohio General Assembly to amend the pertinent statutes.

In sum, the Sixth Circuit cautioned in McQueary that attorney's fees will generally be unavailable in preliminary injunction cases (where no final judgment results or survives) and held that such fees will be available only in occasional, exceptional preliminary injunction cases. Herein, this Court has concluded that Plaintiffs' argument in support of their request for an award of attorney's fees is premised on the rejected catalyst theory, rather than arising out of an occasional, exceptional set of circumstances. Accordingly, the Court overrules Plaintiffs' Motion to Alter of Amend Judgment (Doc. #126), to the extent that, with it, Plaintiffs seek to recover attorney's fees for the first phase of this lawsuit.

### IV. Second Phase of this Litigation

Although this Court entered a judgment and permanent injunction in favor of the Plaintiffs in the second phase of this litigation, the Sixth Circuit reversed same and directed that this Court vacate the permanent injunction and the judgment so entered in their favor. As a result thereof, Plaintiffs were not the prevailing party in this litigation's second phase. In Lansing v. City of Memphis, 202 F.3d 821, 834

(6th Cir. 2000), the Sixth Circuit vacated the award of attorney's fees in favor of plaintiff after it had reversed the judgment and permanent injunction entered in his favor, because plaintiff was no longer the prevailing party as a result. See also Sole v. Wyner, 551 U.S. 74, 78 (2007) (noting that "[a] plaintiff who achieves a transient victory at the threshold of an action can gain no award under [§ 1988(b)] if, at the end of the litigation, her initial success is undone and she leaves the courthouse emptyhanded"). In Sole, supra, the plaintiffs brought suit, alleging that the defendants had deprived them of their rights under the First Amendment by denying them the right to protest against the war in Iraq, by forming a giant peace symbol using their nude bodies. The District Court initially granted preliminary injunctive relief to the plaintiffs; however, the Court subsequently denied their request for a permanent injunction. Nevertheless, the District Court awarded the plaintiffs attorney's fees for the stage of the litigation involving the grant of the preliminary injunction. Although the Eleventh Circuit affirmed the award of attorney's fees to the plaintiffs, the Supreme Court unanimously reversed.

Accordingly, the Court overrules the Plaintiffs' Motion to Alter or Amend Judgment (Doc. #126), as it relates to an award of attorney's fees for the second stage of this lawsuit.

V. Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in relevant part:

> (1) <u>Costs Other Than Attorney's Fees</u>. Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the

- 13 -

> United States, its officers, and its agencies may be imposed only to the extent allowed by law.

The Sixth Circuit has held that Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party. <u>Knology, Inc. v. Insight Communications Co., LP</u>, 460 F.3d 722, 726 (6th Cir. 2006). Whether to award costs is, however, committed to the discretion of the District Court. <u>Id</u>. In <u>Nemir v. Mitsubishi Motors Corp.</u>, 381 F.3d 540, 560 (6th Cir. 2004), the Sixth Circuit set aside the District Court's award of costs to the defendant as prevailing party, when reversing on appeal the judgment entered in its favor, since it was no longer the prevailing party. <u>See</u> <u>also</u> <u>Hinchman v. Moore</u>, 312 F.3d 198, 206 (6th Cir. 2002) (reversing award of costs in favor of defendants by the District Court, when reversing grant of summary judgment in their favor). Based upon <u>Nemir</u> and <u>Hinchman</u>, this Court concludes, since Plaintiffs are no longer the prevailing party in this litigation as a result of the Sixth Circuit's reversal of the final judgment entered by this Court, they are not entitled to an award of costs.

Accordingly, the Court overrules the Plaintiffs' Motion to Alter or Amend Judgment (Doc. #126), as it relates to their request for an award of costs.

Based upon the foregoing, the Court overrules the Plaintiffs' Motion to Alter or Amend Judgment (Doc. #126), in its entirety.

March 21, 2011

                                                  WALTER HERBERT RICE, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT

Copies to:

Counsel of record.

Case: 3:02-cv-00210-WHR Doc #: 135 Filed: 03/21/11 Page: 15 of 15  PAGEID #: 1697

- 15 -